UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Christopher Milton,

   Plaintiff

v.

Connor Sapphire et al.,

   Defendants

Case No. 2:25-cv-01321-CDS-EJY

**Order Adopting Magistrate Judge's Report and Recommendation**

[ECF No. 5]

  Plaintiff Christopher Milton initiated this action on July 21, 2025, by filing a complaint but failed to submit an application to proceed *in forma pauperis* (IFP) or, in the alternative, pay the civil-case filing fee. ECF No. 1. United States Magistrate Judge Elayna J. Youchah ordered Milton to either file a complete IFP application or pay the $405 filing fee. Order, ECF No. 3. After the September 25, 2025 deadline expired without Milton complying or otherwise responding, Judge Youchah issued a report and recommendation (R&R) that this case be dismissed. R&R, ECF No. 5. Milton had until October 13, 2025, to file any specific, written objections to the magistrate judge's R&R. *Id.* at 2 (citing Local Rule IB 3-2 (stating that parties wishing to object to the findings and recommendations must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). That deadline has also passed, and Milton has not objected to the dismissal recommendation. The law is clear that "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

  Although de novo review is not required, I nonetheless make an independent review here. Federal law requires a party initiating a civil lawsuit to pay a filing fee and an administrative fee. 28 U.S.C. § 1914(a), (b). However, if a plaintiff is unable to pay such fees, 28 U.S.C. § 1915 allows a

district court to authorize the commencement of a civil action through an IFP application. *Id.* at § 1915(a)(1). Indeed, I find that the record demonstrates that, despite an opportunity to do so, Milton did not submit an IFP application or pay the civil filing fee.[1]

I.   Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Milton's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

---

[1] The orders sent to Milton were returned as undeliverable. Milton has therefore also failed to notify the court of his current address, a violation of Local Rule IA 3-1 ("pro se party must immediately file with the court written notification of any change of mailing address").

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this court cannot operate without collecting reasonable fees and litigation cannot progress without a plaintiff's compliance with court orders, the only alternative is to enter a second order setting another deadline. But issuing a second order is futile, and setting another deadline is not a meaningful alternative given these circumstances. This litigation cannot move forward without the participation of the plaintiff, and because Milton has failed to update his address, issuing another order is not a meaningful alternative in this circumstance. *Carey*, 856 F.2d at 1441 ("An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail."). There are no alternative sanctions other than dismissal when a court cannot contact Milton to communicate the alternatives. So the fifth factor favors dismissal. Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal.

## II.     Conclusion

It is hereby ordered that the magistrate judge's report and recommendation **[ECF No. 5] is accepted and adopted in full**, therefore Milton's complaint is dismissed without prejudice. The Clerk of Court is kindly directed to enter judgment accordingly, and to close this case.

Dated: October 17, 2025

_____
Cristina D. Silva
United States District Judge